SELVIN GEOVANNY LOPEZ LOPEZ,

        Petitioner,

                             Case No. 26-cv-1164-pp

      v.

SHERIFF DALE J. SCHMIDT,

        Respondent.

---

**ORDER SCREENING PETITION (DKT. NO. 1), ORDERING SERVICE ON RESPONDENTS, DIRECTING RESPONDENT TO FILE RESPONSIVE PLEADING AND DENYING PETITIONER'S MOTION FOR SCHEDULING ORDER (DKT. NO. 6)**

---

Petitioner Selvin Geovanny Lopez-Lopez, who currently is detained in the Dodge County Jail, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. The petitioner was arrested for several offenses in Central and Northern Wisconsin. He currently has criminal matters pending in Langlade County Circuit Court and Wood County Circuit Court. But those cases have been suspended following two competency evaluations of the petitioner conducted under Wis. Stat. §§971.13 and 971.14(2), (3). Following the competency evaluations, the Department of Homeland Security arrested the petitioner and placed him in detention without bail. The petitioner has been charged with entering the United States without inspection in violation of 8 U.S.C. §1182(a)(6)(A)(i) and failing to possess a valid entry document in violation of 8 U.S.C. §1182(a)(7)(A)(i)(I). Dkt. No. 1 at ¶5.

The petitioner argues that his detention violates the Immigration and Nationality Act (INA) because 8 U.S.C. §1225(b)(2) does not apply to

1

individuals, like himself, who have been in the United States for some time and were apprehended hundreds of miles away from any border or port entry. He argues that such individuals are subject to discretionary detention under 8 U.S.C. §1226(a), which allows for release on conditional parole or bond.

Because the petitioner paid the filing fee, the court will screen the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondent to file a responsive pleading to the petitioner's brief. The petitioner also filed a motion requesting a scheduling order, dkt. no. 6, but the court will deny that motion because it is premature.

## I.     Legal Standard

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. Zadvydas v. Davis, 533 U.S. 678, 688 (2001). Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to *habeas* petitions filed under §2241. Chagala v. Beth, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015).

Rule 4 of the Rules Governing §2254 Cases in the United States District Courts provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

2

At the screening stage, the court expresses no view as to the merits of the petitioner's claims. A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

## II. Section 2241 Petition

According to the petition, the petitioner is a citizen of Guatemala who has resided in the United States since he arrived at age sixteen on July 16, 2022. Dkt. No. 1 at ¶18. The petitioner alleges that he came to the United States as an unaccompanied minor to reunite with his father, who is married to a U.S. citizen. Id. at ¶38. He attended high school, but left school for a drywalling job. Id.

On September 18, 2025, the petitioner was arrested in Wood County for recklessly endangering safety, trespass and resisting or obstructing an officer. He was released on bail. See State v. Lopez, Case No. 2025CF000478 (Wood County Circuit Court) (available at https://wcca.wicourts.gov). The petitioner was arrested again on December 8, 2025 for charges related to assault, disorderly conduct and bail jumping. See State v. Lopez, Case No. 2025CF000191 (Langlade County Circuit Court). The petitioner was arrested a third time on May 26, 2026 on charges of disorderly conduct and bail jumping. See State v. Lopez, Case No. 2026CF000064 (Langlade County Circuit Court).

The petitioner's pattern of conduct apparently raised concerns about his competency to stand trial. Wisconsin's Department of Health Services (DHS) conducted two competency evaluations of the petitioner under Wis. Stat. §§971.13 and 971.14(2), (3). See Dkt. 1 at ¶40. Both the Langlade County and

3

Wood County circuit courts adopted the DHS's finding of incompetency and suspended the petitioner's criminal cases. See id. at ¶41; see also State v. Lopez, Case Nos. 2025CF000478 (Wood County Circuit Court), 2025CF000191 (Langlade County Circuit Court), 2026CF000064 (Langlade County Circuit Court).

On June 18, 2026, the Langlade County Circuit Court entered an order of commitment for treatment. Dkt. No. 1 at ¶42. But before the petitioner could receive treatment, the United States Department of Homeland Security arrested him, placed him in detention without bail and initiated removal proceedings. Id. at ¶44.

The petitioner argues that his detention is not authorized under §1225(b)(2) because that section does not apply to all noncitizens who have lived in the United States for years and who were apprehended while residing within the United States after entering without inspection. Id. at ¶48. The petitioner also alleges a due process violation. Id. at ¶¶51–53.

The petitioner asserts that he is entitled to either release from the respondent's custody or to a bond hearing under §1226(a). See id. at 14 (Prayer for Relief). He asks the court to enjoin the respondent from moving him outside the jurisdiction during the pendency of the petition, declare that his continued detention violates the INA and the due process clause and award him attorney's fees under the Equal Access to Justice Act. Id.

4

### III. Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3).

Whether a U.S. Immigration and Customs Enforcement (ICE) detainee is entitled to an individualized bond hearing or otherwise subject to mandatory detention is a highly litigated issue in this district and across the United States. This court has granted a petition containing facts similar to those alleged in this case. In Cano-Ortega v. Olson *et al.*, Case No. 25-cv-1919, 2026 WL 1746898 (E.D. Wis. June 17, 2026), this court found a violation of the INA when the respondents arrested a petitioner in the interior of the country and failed to provide an individualized bond hearing as contemplated by 8 U.S.C. §1226(a). The court held that §1225(b)(2)(A) applies to those noncitizens who are applicants for admission and seeking admission at the border or port of entry, and that §1226 applies to those noncitizens arrested in the interior of the country. Id. at *12. So, on the facts alleged here, the court cannot conclude that the petitioner plainly is not entitled to relief.

The petitioner alleges that respondent Sheriff Dale Schmidt "has the exclusive charge" of the Dodge County Jail and has "immediate physical custody" of the petitioner. Dkt. No. 1 at ¶19. The court will order the clerk's office to serve the respondent. Assistant United States Attorneys Michael A. Carter and Stuart DP Gilgannon also have filed notices of appearance on behalf

5

of the United States as a nominal party under the Memorandum of Understanding.

**IV.  Conclusion**

The court **ORDERS** that the clerk's office must affect service of the petition and this order on Dale Schmidt.

The court **ORDERS** that within ten days of receipt of service of this order, the respondent must either file an appropriate motion seeking dismissal of this case or file an answer complying with Rule 5 of the Rules Governing Section 2254 Cases.

If the respondent files a dispositive motion, the petitioner shall have fourteen days to file a brief in opposition and the respondent shall have seven days to file a reply brief.

If the respondent files an answer in lieu of the motion, the petitioner shall have fourteen days to file a brief in support of his petition, the respondents shall have fourteen days to file a brief in opposition, and the petitioner shall have seven days to file a reply brief. If the petitioner intends to file a reply brief, he must do so within seven days of receiving the respondent's answer and brief in opposition.

The court **DENIES** the petitioner's motion for a scheduling order because the court has set a briefing schedule. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 17th day of July, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

7